UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
"IN ADMIRALTY"

AMS SHIPPING INTERIORS, LTD., a
Foreign limited liability company,

Civil Case No.: _____

    Plaintiff

v.

CARNIVAL CORPORATION d/b/a/
CARNIVAL CRUISE LINES, a Foreign
corporation
_____/

## COMPLAINT

Plaintiff, AMS SHIPPING INTERIORS, LTD., a Foreign limited liability company, by and through its undersigned counsel, sues the Defendant, CARNIVAL CORPORATION d/b/a/ CARNIVAL CRUISE LINES, a Foreign corporation, and states as follows:

### INTRODUCTION

1. This Court has jurisdiction over this matter pursuant to the provisions of Article 2, Section 3 of the United States Constitution and Section 1333 of Title 28, United States Code. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and filed in compliance with Local Admiralty Rule A(4).

2. Plaintiff, AMS SHIIPING INTERIORS, LTD. (hereinafter "Plaintiff" or "AMS"), is a Foreign limited liability company mainly engaged in the repair and restoration of commercial and cruise ships' interiors throughout the world.

3. Defendant, CARNIVAL CORPORATION d/b/a/ CARNIVAL CRUISE LINES (hereinafter "Defendant" or "Carnival"), is a Foreign corporation which operates cruise ships and

sells cruise products and services in all the world's major vacation markets.

4. This is an action based on the breach of a maritime contract (hereinafter the "Service Contract"), executed between Plaintiff and Defendant on or about August 8, 2014, for the provision of repair and restoration services of some 98 cabin bathrooms on the Carnival Ecstasy, a *Fantasy-class cruise ship*, and one of the oldest ships operated and/or owned by the Defendant.

5. A contract to repair a vessel is a maritime contract. See *Diesel "Repower", Inc. v. Islander Investments Ltd.*, 271 F.3d 1318, 1323 (11th Cir. 2001); *St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1184 (11th Cir. 2009) ("It is well settled that cases involving marine contracts give rise to admiralty jurisdiction.").

6. Venue is proper in Miami-Dade County as the Service Contract states that any disputes arising out of the contract must be litigated before Courts of competent jurisdiction in Miami-Dade County, Florida. Furthermore, Defendant's principal business address is located at 3655 N.W., 87th Avenue, Miami, Florida.

7. All conditions precedent have been met prior to filing this lawsuit.

## COUNT I: BREACH OF THE SERVICE CONTRACT

8. Plaintiff re-adopts and re-alleges paragraphs one (1) through seven (7) above as if fully set forth herein and state further as follows:

9. After negotiations between the parties, Plaintiff's quote to strip out and repair 98 cabin bathrooms on the Carnival Ecstasy, and Defendant's acceptance of such quote, a valid and enforceable Service Contract was formed between the Plaintiff and Defendant.

10. Among others, the Service Contract required the services to be completed during Drydock in Bahamas between October 10 and 24, 2014.

11. The Service Contract further provided that in exchange of Plaintiff's services, Defendant would pay USD $169,700.00 (hereinafter the "purchase price").

12. The Service Contract excluded from such price, and required the Defendant to cover the costs of the following additional items: freight of materials and tools, travel time and travel cost of technicians, accommodation and food, and ground transportation services both in Europe and the United States (hereinafter the "additional items").

13. Furthermore, the Service Contract required the Defendant to make sure that all work areas onboard the Carnival Ecstasy would be maintained clear and uninterrupted in order to allow the completion of the services within the expected time, and that any work to be completed by the ship's plumbers would be completed in a timely fashion in order to allow the Plaintiff to also complete its work in a timely fashion.

14. The Defendant breached the Service Contract, including but not limited in the following respects: by failing to pay the purchase price; by failing to pay the additional items; by failing to keep the work areas clear and uninterrupted in order to allow the Plaintiff to complete its work in a timely fashion, by failing to have its plumbers complete their work in a timely fashion in order to allow the Plaintiff to also complete its work in a timely fashion. As a result of the Defendant's breach of the Service Contract, the Plaintiff has suffered principal damages in excess of $119,210.75, amount which remains due and unpaid by the Defendant.

15. The Service Contract also provides that in the event of a dispute arising out of the contract, the prevailing party shall be entitled to also recover reasonable attorney's fees, costs and expenses. In the prosecution of this action, Plaintiff has incurred and will continue to incur in attorney's fees, costs and expenses until the final resolution of the case.

WHEREFORE, Plaintiff, AMS SHIPPING INTERIORS, LTD., demands Judgment

against Defendant, CARNIVAL CORPORATION d/b/a/ CARNIVAL CRUISE LINES, a Foreign corporation, for damages in an amount of not less than $119,210.75, along with pre-judgment interest, reasonable attorney's fees, costs, and expenses to be determined by the Court, plus any other additional remedy that the Plaintiff may be entitled to receive under the law.

Respectfully submitted, this 10th day of March, 2015.

>WADSWORTH HUOTT, LLP
>Attorneys for the Plaintiff
>14 N.E. 1st Avenue, 10th Floor
>Miami, FL 33132CarnivalC
>(305) 777-1000 Telephone
>(305) 777-1001 Facsimile
>
>By: _____
>Christopher W. Wadsworth
>Florida Bar No. 78026
>E-Mail: cw@wadsworth-law.com
>Gustavo A. Martinez
>Florida Bar No.: 668575
>E-Mail: gm@wadsworth-law.com