United States District Court
for the
Southern District of Florida

AMS Shipping Interiors, Ltd., Plaintiff   )
                                          )
v.                                     )  Civil Action No. 15-20975-Civ-Scola
                                          )
Carnival Corporation, Defendant    )

### Order Denying Motions To Strike Affirmative Defenses

Carnival Corporation asks the Court to strike certain affirmative defenses that AMS Shipping raised in its answer to Carnival's counterclaim.  A court may strike "an insufficient defense."  Fed. R. Civ. P. 12(f).  Carnival asserts that AMS Shipping's affirmative defenses are insufficient because they "do not contain factual support sufficient to give Carnival fair notice of [AMS Shipping's] defenses.

Affirmative defenses are not held to the same pleading standard as claims for relief.  *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *3 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.) (noting the differences between the language of Rule 8(a) (governing claims for relief) and Rule 8(c) (governing affirmative defenses)).  The *Twombly/Iqbal* jurisprudence does not govern affirmative defenses.  *Id.* at 2–3.  An affirmative defense is sufficient as long as it provides the opposing party with notice of an additional issue (not directly related to liability) that may be raised at trial so that the opposing party can litigate the new issue.  *Cf. Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1999) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

Carnival urges the Court to strike AMS Shipping's affirmative defenses 3, 4, 5, 7, 8, 9, 13, 14, & 18 because they "are legally insufficient because they fail to please adequate factual support."  (Mot. Strike 2, ECF No. 32.)  Since the Court has rejected Carnival's argument that affirmative defenses are subject to the *Twombly/Iqbal* standard, the only analysis required is to determine whether these affirmative defenses give Carnival notice of an additional issue (not directly related to liability) that may be raised at trial so that Carnival can litigate the new issue.  After reviewing AMS Shipping's affirmative defenses 3, 4, 5, 7, 8, 9, 13, 14, & 18 the Court concludes that these affirmative defenses sufficiently notify Carnival of specific new issues that Carnival may now litigate.

Carnival next askes the Court to strike AMS Shipping's affirmative defenses 10, 16, & 19 because they "are denials of elements of Carnival's

counterclaims and not legally sufficient affirmative defenses." (Mot. Strike 1, ECF No. 31.)  "The proper remedy when a party mistakenly labels a denial as an affirmative defense is not to strike the claim but instead to treat it as a specific denial." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, J.).  Consistent with this caselaw, and with AMS Shipping's apparent agreement (Resp. 2, ECF No. 47), the Court will treat AMS Shipping's affirmative defenses 10, 16, & 19 as denials, but will not strike them.

Finally, Carnival askes the Court to strike AMS Shipping's affirmative defenses 1, 6, & 18 because "they are legally insufficient motions to dismiss [presumably based on Rule 12(b)(6)] couched as affirmative defenses." (Mot. Strike 1, 5 ECF No. 31.)  A failure-to-state-a-claim defense, under Rule 12(b)(6), may be presented in an answer to a counterclaim.  Fed. R. Civ. P. 12(h)(2)(A). Since AMS Shipping may validly present a failure-to-state-a-claim defense in its answer to Carnival's counterclaim, striking AMS Shipping's affirmative defenses 1, 6, & 18 is not appropriate.

The Court empathizes with Carnival's frustration over the lack of detail in AMS Shipping's affirmative defenses.  But that is one of the main purposes and functions of discovery—to demand from an opposing party details about his or her defenses.  And Rule 11 stands as a shield and sword, preventing a party from raising defenses that have no evidentiary support and imposing sanctions on those who do.  *See, e.g., Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1375 (S.D. Fla. 2005) (Gold, J.) (awarding attorney's fees as a Rule 11 sanction for having to defend against affirmative defenses that were "legally and factually frivolous").  This Court will not hesitate to impose sanctions on any party who raises baseless "boilerplate" affirmative defenses in violation of Rule 11.

After considering the motions, the record, and the relevant legal authorities, and for the reasons explained in this Order, the Court **denies** the motions to strike affirmative defenses (ECF Nos. 31 & 32).

**Done and ordered** at Miami, Florida on November 20, 2015.

_____
Robert N. Scola, Jr.
United States District Judge